IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID HILL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:13-cv-4456-G-BN |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner David Hill has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, Petitioner's motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

Petitioner was convicted by a Northern District jury of conspiracy to manufacture and to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and sentenced to a term of 360 months imprisonment, followed by a term of supervised release. *See United States v. Hill*, No. 3:03-cr-159-G(2) (N.D. Tex. Nov. 26, 2003). His conviction was affirmed. *See United States v. Hill,* 140 F. App'x 577 (5th Cir. 2005), *cert. denied*, 547 U.S. 1061 (2006). He then filed a Section 2255 motion that was denied. *See Hill v. United States*, No. 3:07-cv-594-G, 2008 WL 399434 (N.D. Tex. Feb. 14, 2008), *appeal dism'd*, No. 08-10269 (5th Cir. Sept. 18, 2008).

Petitioner now seeks post-conviction relief on grounds that his conviction was obtained in violation of the Sixth Amendment, as set forth in the Supreme Court's

recent ruling in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and that he is actually innocent of the offense of conviction. *See* Dkt. No. 1.

Before the Court may consider this latest petition, it must determine whether Petitioner can bring a successive Section 2255 action without prior approval from the Court of Appeals.

## Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section 2255 motion, a movant must show that the motion is based on:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his motion in district court. *See id.* §§ 2244(b)(3), 2255(h).

## Analysis

The Court of Appeals has not issued an order authorizing this Court to consider Petitioner's successive Section 2255 motion. Petitioner must obtain such an order before another motion for post-conviction relief may be filed. This Court is therefore without jurisdiction to consider Petitioner's allegations, including those asserting

*Alleyne* and his actual innocence. *See* 28 U.S.C. § 2244(b); *see also Flores v. United States*, No. 3:13-cv-3438-N-BH, 2013 WL 5637563 (N.D. Tex. Oct. 15, 2013). Accordingly, Petitioner's Section 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court of Appeals a successive 28 U.S.C. § 2254 motion from a state prisoner).

## Recommendation

Petitioner's 28 U.S.C. § 2255 motion to correct, vacate, or set aside sentence should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 8, 2013

                                        _____
                                        DAVID L. HORAN
                                        UNITED STATES MAGISTRATE JUDGE